FILED
2016 Jun-17  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL SLADE PRISOC,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)  **Civil Action No.:**<br>**LVNV FUNDING, LLC; FIRST** )<br>**NATIONAL COLLECTION** )<br>**BUREAU, INC.,** )<br>)<br>**Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's

Complaint against the Defendants and states as follows:

1.  This action arises out of Defendants' repeated violations of the Fair Debt

    Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]),

    out of state law violations and out of the invasion of Plaintiff's personal and

    financial privacy by the Defendants and their agents in their illegal efforts to

    collect a consumer debt from Plaintiff.

## JURISDICTION

2.  Personal jurisdiction exists over Defendants as Defendants have the

    necessary minimum contacts with the State of Alabama and this suit arises

out of Defendants specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

3.     Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

4.     Venue is proper as Defendant does business in this judicial district.

## PARTIES

5.     Plaintiff Michael Slade Prisoc (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant LVNV Funding, LLC ("Defendant" or "LVNV[1]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Delaware and has its principal place of business is in Nevada.   Upon information and belief all LLC members are citizens of Delaware and/or Nevada.

---

[1] "LVNV" means LVNV directly or through its debt collectors, employees and agents  who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

7. Defendant First National Collection Bureau, Inc. ("Defendant" or "First National[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Nevada and has its principal place of business is in Nevada.

8. Defendants claim to collect on defaulted consumer debt.

9. Defendants send collection notices to consumers, make collection calls to consumers, and credit report on consumers.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

10. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

11. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

12. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

---

[2] "First National" means First National directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

13.    15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## **FACTUAL ALLEGATIONS AGAINST DEFENDANTS**

14.    Defendants LVNV and First National are collecting a consumer debt from Plaintiff that is not owed.

15.    Defendants LVNV and First National know the debt they are collecting from Plaintiff is not owed to them.

16. Defendant LVNV is credit reporting on Plaintiff that he owes on this account.

17. Defendants LVNV and First National have sent one or more collection letters and/or made calls to Plaintiff claiming Plaintiff owes on this debt.

18. Looking at the events of 2014 and 2015 demonstrates that Plaintiff owes no debt to Defendants LVNV and First National.

19. Defendant LVNV sued Plaintiff in the Circuit Court of Jefferson County for the same debt the Defendants are collecting now.

20. The case number was 68-cv-2014-900049.

21. Plaintiff denied owing this debt in his answer of February 28, 2014.

22. On May 15, 2015, Defendant LVNV voluntarily dismissed with prejudice the lawsuit which ended the dispute between the parties.

23. No debt was owed before and certainly no debt was owed after the voluntary dismissal with prejudice of the collection lawsuit.

## **Continued Collection Activity**

24. Defendant LVNV is credit reporting this non-existent debt.

25. The credit reporting is false as Plaintiff owes no money to Defendant LVNV.

26. And Defendants sent Plaintiff a collection letter dated May 12, 2016, collecting on this same nonexistent debt.

27. This letter was false and harassing, as no money was owed from Plaintiff to Defendants.

## Motivation For Defendants To
## Break The Law And To Falsely Credit Report

28. The marketplace for old charged off debt is fierce as there is a high amount of such unpaid debt.

29. With the difficult economic times, debt collectors such as Defendants are finding it harder to get paid.

30. So collection companies such as Defendant must force consumers to use scarce dollars to pay Defendants, rather than pay other bills.

31. Defendant LVNV has a vested interest in credit reporting on consumers, even when it knows the credit reporting is false.

32. This is because Defendants are seeking a competitive advantage over other collection agencies that follow the law.

33. Both Defendants seek a competitive advantage over other law breaking collection agencies, which leads Defendants into a "race to the bottom" of even greater violations of the law.

34. By Defendant LVNV credit reporting on a non owed debt, then any money it gains is a pure windfall.

35. For Defendants sending out bogus collection letters is also very profitable as if consumers such as Plaintiff pays, this is also a windfall.

36.    Plaintiff's situation is no surprise to Defendants as this type of injury and damage is anticipated and expected by Defendants.

## Two Downsides Of Defendants' Business Model

37.    This business model has only two downsides.

38.    First, it is morally wrong to collect debt not owed and to falsely credit report.

39.    Second, it does expose Defendants to lawsuits.

40.    The first concern is of no importance to Defendants as they make no claim to conducting business in a moral manner.

41.    The second concern is also of no importance as so few lawsuits ever get filed that the profits made by this type of mis-conduct greatly exceed any minor cost of being sued by consumers.

42.    It is Plaintiff's belief that the present lawsuit will help Defendants change their business practices, at least in Alabama.

## Additional Factual Allegations Against Defendants

43.    Defendants have collected against Plaintiff when Plaintiff did not owe any money to Defendants on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt that is zero from anyone, including Plaintiff.

44.   Defendants have misrepresented the debt as being owed, when it was not owed.

45.   Defendants have misrepresented the debt to Plaintiff, including the legal status of the debt, as none was or is owed to Defendants.

46.   Defendants have taken action it knows is illegal including false credit reporting and/or collection letters and/or collection calls.

47.   Defendants knew that by their conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

48.   The debt being collected is a consumer debt as defined by the FDCPA.

49.   Plaintiff is a "consumer" as defined by the FDCPA.

50.   Defendants are "debt collectors" as defined by the FDCPA as when they allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of each Defendant.

51.   Defendants have full knowledge of what they are doing by their wrongful collection activities – they are sophisticated debt collectors and the decisions outlined in this Complaint and that will be shown through discovery were

not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendants have no right to take under state law and under the FDCPA.

52. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

53. It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

54. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' employment, agency or representation.

55. At no time have Defendants told or implied to Plaintiff that any conduct by any agent or employee of Defendants was outside the line and scope of such employment or agency.

56. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that

their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

57. Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

58. Defendants are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

59. Both Defendants acted as each other's agents in all collection activities taken against Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

62.   Defendants violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 5-9 and 14-59.

63.   The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

64.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.   Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

66.   Defendants violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 5-9 and 14-59.

67.   The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

68.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.   Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

70.   Defendants violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 5-9 and 14-59.

71.   The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

72.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73.   Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

74.   Defendant LVNV violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 5-9 and 14-59.

75.   The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

76.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

78. Defendants violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 5-9 and 14-59.

79. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT VI.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

82. Defendants violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 5-9 and 14-59.

83. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit

worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

86. Defendants violated Section 1692f(1) by collecting this debt when the account agreement never authorized collecting a debt no longer owed and as alleged in this Complaint in paragraphs 5-9 and 14-59.

87. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

88.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89.  Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants have violated Alabama state law as described in this Complaint in paragraphs 5-9 and 14-59 and in the paragraphs of this Count.

90.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

91.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and

confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

92. Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

93. Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

94. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

95. The conduct of Defendants, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

96. Defendant LVNV has continued to publicly state through credit reporting that Plaintiff owes or owed the debt to Defendant LVNV when Defendant LVNV knows this is untrue.

97. All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendants in their campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

98. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

99. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants

100. All acts of Defendants were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT IX.

### NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

101. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

102. Defendants' collectors are allowed and encouraged to break state law in order to collect debts.

103. This includes all of the violations of the law described in this Complaint in paragraphs 5-9 and 14-59 and in the paragraphs of this Count.

104. Defendants are aware of the wrongful conduct of its collectors.

105. Defendants negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

106. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how large debt collectors with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendants sat back to reap the rewards of the wrongful conduct they had sowed. The details of this will come out in discovery.

107. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

108.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109.  Defendants' collectors are allowed and encouraged to break state law in order to collect debts.

110.  This includes all of the violations of the law described in this Complaint in paragraphs 5-9 and 14-59 and in the paragraphs of this Count.

111.  Defendants are aware of the wrongful conduct of its collectors.

112.  Defendants wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

113.  Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how large debt collectors with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendants sat back to reap the rewards of the

wrongful conduct they had sowed. The details of this will come out in discovery.

114. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

115. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116. Defendants' collectors are allowed and encouraged to break state law in order to collect debts.

117. This includes all of the violations of the law described in this Complaint in paragraphs 5-9 and 14-59 and in the paragraphs of this Count.

118. Defendants are aware of the wrongful conduct of its collectors.

119. Defendants intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

120. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how large debt collectors with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendants sat back to reap the rewards of the wrongful conduct they had sowed.   The details of this will come out in discovery.

121. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

122. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

123. Defendants had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

124. Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

125. Defendants acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 5-9 and 14-59 and in the paragraphs of this Count.

126. Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

127. It was foreseeable, and Defendants did in fact foresee it, the each and every illegal act of Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

128. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendants LVNV & First National for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive

relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

_____

**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

LVNV Funding, LLC
c/o CSC Lawyers Incorporating SVC Inc.
150 South Perry Street
Montgomery, Alabama 36104

First National Collection Bureau, Inc.
c/o Lexis Document Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104